STATE UNIVERSITIES RETIREMENT SYSTEM OF ILLINOIS, Plaintiff–Appellant,

David Jaroslawicz and Bruce R. Elliott, Plaintiffs,

Raymond Tyler, on behalf of himself and all others situated, Charles Beyerlein and Anthony Lang, Consolidated–Plaintiff,

v.

ASTRAZENECA PLC, Tom McKillop, Jonathan Symonds, Haken Mogren and Percy Barnevik, Defendants–Appellees.

No. 08–3185–cv.

United States Court of Appeals, Second Circuit.

June 25, 2009.

Sanford Svetcov, Coughlin Stoia Geller Rudman & Robbins LLP (Susan K. Alexander, Laura M. Andracchio, Laurie L. Largent, "of counsel"), San Francisco, CA and San Diego, CA, for Appellant.

Joel M. Cohen, Davis Polk & Wardwell (Arthur F. Golden, Daniel S. Kahn, "of counsel"), New York, NY, for Appellee.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

This appeal is from a judgment dismissing a securities fraud class action brought by both domestic and foreign plaintiffs. The plaintiffs appeal from the district court's dismissal of their claims for failure adequately to allege scienter under 15 U.S.C. § 78u–4(b)(2). The foreign plaintiffs also appeal the dismissal of their claims for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts and the procedural history of the case, and the issues on appeal.

■ We review *de novo* a district court's dismissal for lack of subject matter jurisdiction under Rule 12(b)(1). *See Binder & Binder PC v. Barnhart,* 481 F.3d 141, 148–49 (2d Cir.2007). We also "review[ ] *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6)." *Rombach v. Chang,* 355 F.3d 164, 169 (2d Cir.2004). In considering a Rule 12(b)(6) motion to dismiss a complaint brought under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), we "accept all factual allegations in the complaint as true," and "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322, 127 S.Ct. 2499, 2509, 168 L.Ed.2d 179 (2007); *see also Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) (on a 12(b)(6) motion to dismiss, a court may consider documents when "there was undisputed notice to plaintiffs of their contents and they were integral to plaintiffs'

claim"). Moreover, "in determining whether the pleaded facts give rise to a 'strong' inference of scienter, the court must take into account plausible opposing inferences." *Tellabs,* 127 S.Ct. at 2509.

Whether or not the district court had and we have subject matter jurisdiction over the foreign plaintiffs' claims, we must evaluate the merits of the case before us so as to address the appeal brought by the domestic plaintiffs. We begin with this inquiry.

■ "To state a cause of action under [Securities and Exchange] Rule 10b–5, [17 C.F.R. § 240.10b-5,] a plaintiff must plead that in connection with the purchase or sale of securities, the defendant, acting with scienter, made a false material representation or omitted to disclose material information and that plaintiff's reliance on defendant's action caused [plaintiff] injury." *In re Time Warner Inc. Securities Litigation,* 9 F.3d 259, 264 (2d Cir.1993) (internal quotation marks omitted). "A complaint will survive [a Rule 12(b)(6) motion to dismiss] only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs,* 551 U.S. at 324, 127 S.Ct. at 2509–10.

■ In order to satisfy the requirement to plead "with particularity facts giving rise to a strong inference that the defendant acted with [scienter]," a plaintiff may either "alleg[e] facts (1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI Communications, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 99 (2d Cir.2007). It is unclear whether the plaintiffs mean to reassert the motive-and-opportunity theory of scienter that was rejected by the district court. In any event, we find this theory unpersua-

sive for the reasons stated by that court. See *In re AstraZeneca Securities Litigation,* 559 F.Supp.2d 453, 468–69 (S.D.N.Y. 2008).

■■ We also agree with the district court's thorough analysis of the "conscious misbehavior or recklessness" theory of scienter. *See id.* at 469–72. "To survive dismissal under the 'conscious misbehavior' theory, the appellants must show that they alleged reckless conduct by the appellees, which is at the least, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it." *In re Carter–Wallace Inc., Securities Litigation,* 220 F.3d 36, 39 (2d Cir.2000) (internal quotation marks omitted). The complaint here makes no such allegations. To the contrary, we agree with the district court that the "[p]laintiffs have not alleged anything to negate the idea that defendants were attempting to develop a drug they thought [on the whole to be] beneficial and were so describing it to the public." *In re AstraZeneca,* 559 F.Supp.2d at 471. While the evidence gathered during the class period did suggest certain risks associated with the drug, the defendants' public statements identified these concerns. We do not agree with the plaintiffs that the defendants were required to inform the public every time a participant in a study died, or even every time a death appeared perhaps to be related to the drug. "Drug companies need not disclose isolated reports of illnesses suffered by users of their drugs until those reports provide statistically significant evidence that the ill effects may be caused by—rather than randomly associated with—use of the drugs and are sufficiently serious and frequent to affect future earnings." *In re Carter–Wallace, Inc. Securities Litigation,* 150 F.3d 153, 157 (2d Cir.1998). Once all of the data

about the deaths had been revealed, analysts such as Deutsche Bank and Citigroup still expected FDA approval, with Citigroup stating that the risk-benefit profile remained favorable. It was therefore not unreasonable for the defendants to have interpreted the data in the same way. We conclude that the plaintiffs have not alleged any facts that would give rise to a finding of conscious misbehavior or recklessness on the part of the defendants. The district court therefore properly dismissed the claims of the domestic plaintiffs.

■ The claims advanced by the foreign plaintiffs are identical to the claims advanced by the domestic plaintiffs. Because we have addressed and rejected these claims on the merits in connection with the claims made by the domestic plaintiffs, over which we unquestionably have subject matter jurisdiction, "the jurisdictional question [regarding our subject matter jurisdiction over the foreign plaintiffs] could have no effect on the outcome," and we can decline to address it without raising concern that "the pretermission of the jurisdictional question [is being used] as a device for reaching a question of law that otherwise would have gone unaddressed." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 98, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). We therefore need not and do not reach the question of our subject-matter jurisdiction over the foreign plaintiffs' claims.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.